UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-1103-DFH-TAB |
| | ) | |
| INDIANAPOLIS METROPOLITAN POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTRY ON MOTION FOR FINDING OF UNAVAILABILITY

On September 1, 2006, Robert Butler was involved in an incident with his then-girlfriend Makenna Decker.  Butler had a firearm and fired shots.  Decker and a neighbor both called 911 for emergency help, and police officers eventually arrested Butler.  Butler was charged with several offenses.  He signed a guilty plea agreement admitting guilt to recklessly firing his weapon and endangering Decker and her young son.  For unknown reasons, the state court rejected the plea agreement and the charges were dismissed.

Butler then filed this lawsuit against the Marion County Sheriff's Department and two police officers involved in his arrest.  He alleges that he was arrested without probable cause and that one of the officers unlawfully searched his house without a warrant and found a firearm.  The defendants have moved for summary judgment on all claims.  Before taking up the summary judgment

motion, the court addresses a threshold motion.  Butler has filed a separate motion for a finding under Federal Rule of Evidence 804(b)(1) that Ms. Decker is unavailable as a witness and that he may rely on her testimony in a deposition that she gave in his criminal prosecution.  Defendants oppose the motion.

Rule 804(b)(1) establishes one exception to the hearsay rule if the declarant is unavailable as a witness:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

In her deposition in the criminal case, Decker testified as to facts that were not consistent with her 911 call.  Her testimony contradicted both the information that was provided to Officer Schmidt at the time of the arrest and Schmidt's testimony about what he saw and heard at the scene.  The court expresses no view at this time as to whether Decker's testimony would be sufficient to defeat summary judgment on the core claims in the case, but her testimony would certainly help Butler in opposing summary judgment.  The question is whether the prior deposition testimony is admissible against these defendants in this case.

Butler's motion fails with respect to two elements of the required showing under Rule 804(b)(1) – the opportunity and similar motive to develop the testimony and the current unavailability of the witness.

First, the defendants in this civil action were not parties to the deposition in Butler's criminal prosecution.  Officer Glen Schmidt, whom Butler seeks to hold personally liable for alleged wrongs, was not a party to the criminal prosecution and did not participate in the deposition.  Butler argues that the relationship between the city and its police officer on one hand and the state prosecutor on the other is so close that the court should treat Schmidt as if he had been a party to the deposition.  The law is to the contrary.  See *Hannah v. City of Overland*, 795 F.2d 1385, 1390-91 (8th Cir. 1986) (deposition of witness taken during criminal prosecution could not be used against police officer in civil case; officer was not party to criminal prosecution and had no motive to cross-examine witness during deposition).  Butler's attempt to distinguish *Hannah* as involving a claim of excessive force while this case alleges arrest without probable cause is not persuasive.  The point of *Hannah* is not the precise question at issue in the criminal case but the difference between the criminal prosecution, brought by the state, and the defense of a civil rights case by individual officers and local governments.

The *Hannah* reasoning makes eminently good sense in this situation.  After Decker gave deposition testimony that contradicted her statements in the 911

-3-

tape, the prosecutor could easily have believed that she was facing the all too common phenomenon of a genuine victim of domestic violence backing away from the prosecution.   The prosecutor's office has limited resources.   Once a complaining witness has given sworn testimony that undermines the criminal charge, a prosecutor dealing with that witness could reasonably decide to cut the office's losses and not pursue further either the prosecution or the credibility of the complaining witness.

The motive of the prosecutor to cross-examine the witness is markedly different from that of the defendant police officer or city in a later civil lawsuit arising from the same incident.  The police officer faces the prospect of personal liability, particularly for punitive damages, which may not be the subject of any indemnity agreement with the local government, as well as the prospect of harm to professional reputation that may result if a court or jury finds a violation of constitutional rights.  The police officer has powerful financial and professional motives to pursue the reasons for the complaining witness's change of story and to attack the witness's credibility.  The city has similar financial and reputational motives.  Those differences between the prosecutor's and the police officer's and city's motives weigh heavily against using Rule 804(b)(1) to allow plaintiff Butler to use in his civil trial the deposition of Decker taken in the criminal prosecution.

Against this reasoning, Butler cites no authority interpreting or applying Rule 804(b)(1).  He cites *Allen v. State*, 787 N.E.2d 473, 479 (Ind. App. 2003), for the broad proposition that a police officer in Indiana is considered a party in

criminal cases.  *Allen* does not support Butler's case.  The issue there was under the Indiana rule of evidence equivalent to Federal Rule of Evidence 801(d)(2)(D), governing the admission of statements of agents of party opponents.   The appellate court held in *Allen* that the trial court erred by excluding testimony about a police officer's threat to arrest everyone at the scene of a drug arrest. Although such a threat clearly falls outside the scope of a "statement" covered by the hearsay rule, the Indiana court felt it had to limit its analysis to the argument the defendant had made at trial:  offering the threat as a statement by an agent of a party opponent.   Both the applicable rule and the underlying policy considerations in *Allen* are entirely different from the situation involving Decker's deposition testimony.

If Butler's argument about opportunity and similar motive were accepted here, the prospect for interference with the state's criminal trials would be substantial.  Prosecutors in criminal trials (as well as in depositions) usually have their hands full trying to protect the public and secure a just result in the criminal prosecution.  Under Butler's theory here, those busy prosecutors would also need to think and act as surrogate defense counsel for future civil rights lawsuits against officers who are not their clients.   (Put aside for the moment the complications presented when more than one police officer might face a future lawsuit.)  At the risk of stating the obvious, even those prosecutors who might have the needed knowledge to take on these additional responsibilities would rarely have the time or inclination to do so.

Second, Butler simply has not shown that Decker is not available as a witness in this case. The party seeking to offer prior testimony under Rule 804(b)(1) bears the burden of showing that the declarant is unavailable. *United States v. Ochoa*, 229 F.3d 631, 637 (7th Cir. 2000). Butler has not actually offered any evidence on this point at all; he offers only his attorney's unsworn account of his efforts to contact Decker by telephone. Taking the attorney's account at face value, those efforts to contact Decker by telephone do not show unavailability within the meaning of Rule 804(b)(1). The attorney's account shows that Decker has no interest in participating in this lawsuit and that she wants to avoid contact with Butler. (This desire seems understandable if one credits the evidence indicating that he fired shots at her car and otherwise threatened her.) But there has been no effort to locate her address or place of employment, let alone an attempt to serve her with a deposition subpoena. Without a showing much stronger than has been made so far, there is no basis for a finding of unavailability under Rule 804(b)(1). Cf. *United States v. Kehm*, 799 F.2d 354, 360-61 (7th Cir. 1986) (affirming criminal conviction after trial in which deposition was admitted; government had shown that witness in the Bahamas was unavailable for criminal trial in United States where witness signed affidavit stating that he feared criminal prosecution in United States and would not appear voluntarily, and witness was beyond subpoena power of United States courts).

Accordingly, the court finds that Makenna Decker is not an unavailable witness in this civil case, and her deposition testimony does not fall within the

Rule 804(b)(1) hearsay exception for prior testimony of unavailable witnesses and may not be used by Butler to oppose the defendants' motion for summary judgment. The court has the motion for summary judgment under advisement.

So ordered.

Date: July 13, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org